UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISON

| | |
|---|---|
| **Babbage Holdings, LLC,**<br><br>  Plaintiff,<br><br>  v.<br><br>**Sony Computer Entertainment America LLC and Sony Corporation of America,**<br><br>  Defendants. | **Civil Action No. 2:13-CV-757**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Babbage Holdings, LLC ("Babbage") files this Complaint against Sony Computer Entertainment America LLC and Sony Corporation of America (collectively, "Defendants"), and alleges as follows:

## PARTIES

1. Babbage is a limited liability company existing under the laws of the State of Texas, with its principal place of business at 3100 Independence Pkwy, Suite 311, Plano, Texas.

2. Defendant Sony Computer Entertainment America LLC is a Delaware corporation with its principal place of business at San Mateo, California. Defendant Sony Corporation of America is a Delaware corporation with its principal place of business at San Mateo, California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction because this is a patent infringement case arising under the patent laws of the United States Code, Title 35. This Court has exclusive subject matter jurisdiction over this case under 28 U.S.C. § 1338(a).

1

4. This Court has personal jurisdiction over Defendants. Defendants have conducted and do conduct business within the State of Texas. Defendants, directly or through subsidiaries or intermediaries, offer for sale, use, make, distribute, sell, advertise, and market accused video games in the State of Texas, and the Eastern District of Texas. Defendants have voluntarily sold accused products in this District, either directly to customers in this District or through intermediaries with the expectation that accused video games will be sold and distributed to customers in this District. These accused video games have been and continue to be purchased and used by consumers in the Eastern District of Texas. Defendants have committed acts of infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

5. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## COUNT I
### (PATENT INFRINGEMENT)

6. Babbage incorporates the foregoing paragraphs by reference as if fully set forth herein.

7. United States Patent No. 5,561,811 (the "'811 patent"), entitled "Method and Apparatus for Per-User Customization of Applications Shared By A Plurality of Users On A Single Display," was duly and legally issued by the United States Patent and Trademark Office on September 10, 1996, after a full and fair examination. A copy of the '811 patent is attached hereto as Exhibit A. The '811 patent relates to, among other things, a method and apparatus for entering simultaneous and sequential input events for at least one application program under the control of multiple users of a computer system.

8. Babbage is the assignee of all rights, title, and interest in and to the '811 patent and possesses all rights of recovery under the '811 patent.

9. Defendants are infringing the '811 patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell, and selling within the United States video games that practice the inventions of the '811 patent; (b) contributing to the infringement of the '811 patent by others in the United States; and/or (c) inducing others to infringe the '811 patent within the United States.

10. For example, Defendants sell, offer for sale, and/or use at least Gran Turismo 5, thereby infringing at least claim 7 of the '811 patent. Defendants induce the use of Gran Turismo 5 by others, such as their customers, who also directly infringe the '811 patent. Defendants have actively and knowingly aided and abetted that direct infringement. Defendants actually intended to cause the acts that constitute direct infringement, know of the '811 patent at least as early as November 21, 2012, and knew their actions would lead to actual infringement and/or was recklessly indifferent with respect thereto. Further, Defendants sold, offered for sale, and/or imported a material component of the patented invention that is not a staple article of commerce capable of substantial non-infringing use, with knowledge of the '811 patent, and knowledge that the component was especially made or adapted for use in an infringing manner.

11. Upon information and belief, Defendants' infringement is willful. Among other things, following notice of the '811 patent, Defendants have acted and/or will act despite an objectively high likelihood that their action infringe a valid patent, and this objectively high likelihood of infringement was either known or so obvious that it should have been known to Defendants. The totality of the circumstances also indicate that Defendants' infringement of the '811 patent is willful. For example, there is no evidence that Defendants sought or relied on any legal advice, much less competent legal advice, with respect to their infringement of the '811 patent, and Defendants have not presented any substantial defense to their infringement. Furthermore,

Defendants have no reasonable basis for believing that they have not infringed the '811 patent or that the '811 patent was invalid or unenforceable. There is no evidence that Defendants took remedial action upon learning of the '811 patent by ceasing its infringing activity or by attempting to design around the '811 patent.

### JURY DEMAND

12. Babbage hereby demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

13. Babbage requests the following relief:

   A. A judgment that Defendants have directly infringed the '811 patent, contributorily infringed the '811 patent, and induced infringement of the '811 patent, and that such infringement is and has been willful;

   B. An injunction preventing Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and inducing the infringement of the '811 patent;

   C. A judgment and order requiring Defendants to pay Baggage's damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

   D. A judgment and order requiring Defendants to pay Babbage's prejudgment and post-judgment interest on the damages awarded;

   E. A judgment and order requiring Defendants to pay Babbage the costs of

        this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285; and

F.    Such other and further relief as the Court deems just and equitable.


Dated: September 23, 2013

Respectfully submitted,

  /s Anthony M. Garza
ANTHONY M. GARZA, LEAD ATTORNEY
  Texas State Bar No. 24050644
  agarza@ccrglaw.com
STEVEN CALLAHAN
  Texas State Bar No. 24053122
  scallahan@ccrglaw.com
**CHARHON CALLAHAN ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Babbage Holdings, LLC*